**In re STONERIDGE APARTMENTS, Northwood Village Apartments, Debtors.**

Bankruptcy Nos. 90–41931–2–11, 90–41932–2–11.

United States Bankruptcy Court, W.D. Missouri.

April 9, 1991.

Ronald S. Weiss, Berman, DeLeve, Kuchan & Chapman, Kansas City, Mo., for debtors.

Cynthia Edwards, Asst. U.S. Trustee.

Mark V. Bossi, David D. Farrell, Thompson & Mitchell, St. Louis, Mo., for creditors.

Stephen B. Strayer, Liberty, Mo., for Home Sav.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

The above two debtors are two Missouri general partnerships, which each own an apartment complex in the metropolitan area. There is substantial identity of debtors, creditors, managers, and most importantly the same lien holder on both complexes. Home Savings of America, F.A. (hereinafter HSA) is the undersecured creditor. Each debtor has filed a similar first amended and restated disclosure statement and plan. In each case HSA has filed similar objections. The issues were heard together. This opinion will treat them together.

■ HSA raises three objections. First, it alleges that the plan improperly classifies the unsecured portion of HSA's claim under 11 U.S.C. § 1122. Second, that the plan fails to satisfy "the best interests of the creditors' test" under 11 U.S.C. § 1129(a)(7). Third, that the plan is not "fair and equitable" under 11 U.S.C. § 1129(b)(2) for two reasons. Because 11 U.S.C. § 1129(b) comes into play only in the event of an attempted "cram down" of a plan, the Court rejects this objection as being premature and not germane to the issues involved in this hearing. It will be and is OVERRULED.

■ Now as to the second objection. Because HSA did not address it in its post hearing brief, the Court presumes that HSA has abandoned said objection. Said abandonment would appear appropriate since HSA introduced no evidence supporting said objection. That objection will be and is OVERRULED.

Finally then to the first objection of HSA pertaining to the classification of its unsecured claim. Briefly, debtor's plan sets up five classes of claims in Northwood and six in Stoneridge plus ownership interests.

Class One is all of the Allowed Administrative Claims other than for goods and services purchased on open account between the filing date and the confirmation date including security deposits. Class Two is the goods and services and security deposits delineated in the prior sentence. Class Three is the allowed secured claim of HSA estimated at $1,000,000.00 in the Northwood case and $700,000.00 in the Stoneridge case. Class Four is the allowed unsecured claim of HSA, (Class Five in Stoneridge) estimated at $1,282,000.00 in Northwood and $361,778.49 in Stoneridge. Class Five is the other unsecured claims estimated at $17,141.72 in Northwood. However, in Stoneridge Class Four is an unsecured claim of Mercantile Bank for $70,000.00. Class Six then in Stoneridge is all the other unsecured claims estimated at $7,982.78. The last two categories respectively are allowed claims of the debtor's general partners, and equity interests of the parties of debtor. Debtor claims the last two categories are impaired creditors, but the Court has serious questions about such a designation.

The real question to be addressed here is whether the unsecured portion of the secured creditor's claim can be shunted into a separate class so that it does not control the unsecured creditor class.

The Courts have split over this issue. 11 U.S.C. § 1122(a) does not, by its language, specifically prohibit separate classification of substantially similar claims. Instead, it prohibits putting dissimilar claims in the same class. The Eighth Circuit seems to have adopted the view that by implication 11 U.S.C. § 1122(a) restricts the ability of a debtor to place similar claims in different classes. As the Eighth Circuit said in *Hanson v. First State Bank of South Dakota, N.A.*, 828 F.2d 1310 (8th Cir.1987):

Hansons contend that the unsecured claims and the undersecured portions of claims are not substantially similar and, therefore, may be placed in separate classes pursuant to section 1122(a). This distinction alone does not warrant separate classification, however, because under the Code the undersecured portion of

the claim is an unsecured claim. 11 U.S.C. § 506(a), l.c. 1313.

Also the Court said:

Classifications designed to manipulate class voting must be carefully scrutinized. There is potential for abuse ... l.c. 1313.

Likewise the Supreme Court has spoken to the issue. In *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988), the court said:

The Code provides that unsecured creditors can vote in the class of unsecured creditors, ... l.c. 969.

Here, the principal creditors entitled to vote in the class of unsecured creditors (i.e. petitioners) objected to the proposed reorganization. This was their prerogative under the Code, and courts applying the Code must effectuate it. l.c. 969.

This Court then in effectuating the prerogative of HSA must allow it to vote in the unsecured class, or more technically stated must declare that debtor's classification system is improper and the disclosure statement and plan should not be distributed for balloting.

Perhaps it is easier to perceive why debtor cannot be allowed to classify the unsecured portion of HSA's claim in a different class than other unsecured claims, when one examines how the treatment of the claims in the two classes varies. In Class Four in Northwood (the HSA unsecured) claim is allocated interest at 9% per annum and receives Net Cash Receipts (if any) after Class Three (the HSA secured) claim is paid. The claim is to be paid in full within 25 years of January 1, 1997. On the other hand, Class Five (the other unsecured) claims are to be paid in full, in cash, within 90 days of the Effective Date. That could cause approximately a 30 year differential in paying the two types of unsecured claims.

Even if this Court were to allow such a plan and disclosure statement to go out for balloting, the requirements of 11 U.S.C. § 1129(b) would not allow a cramdown on HSA. For all of the foregoing reasons, the disclosure statement and plan of debtor

will not be approved for dissemination to creditors for approval or rejection.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.